Alex Gustavo GIRON–LINARES,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70040.
Agency No. A73–216–656.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 16, 2004.

Stephen Shaiken, Law Offices of Stephen Shaiken, Richmond, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, John C. Cunningham, Brenda M. O'Malley, Ann Carroll Varnon, U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM**

Alex Gustavo Giron–Linares, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum and withholding of deportation and relief under the Convention Against Torture ("CAT").

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's determination that an applicant has not established eligibility for asylum, and we must uphold the BIA's decision unless the evidence compels a contrary result. *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998). We deny the petition.

■ Giron–Linares testified concerning two alleged incidents to support his claim of persecution. On one occasion, when he was 14 years old, he was detained by unidentified men, and questioned about links to the army. Although he was detained for 5–6 hours, he was released unharmed. On a second occasion, a bus he was traveling on was stopped by guerillas and Giron–Linares was briefly questioned, but again, he was released unharmed. Afterwards, Giron–Linres remained in Guatemala for approximately a year and a half without further incident, and Giron–Linres testified that his mother and siblings still live there unharmed.

■ The IJ properly concluded that the events, as Giron–Linres described them, did not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (four to six hours of detention, interrogation, and beatings without serious injury did not rise to the level of persecution). Because this evidence does not compel the conclusion that Giron–Linares was persecuted or has a well-founded fear of persecution on account of an enumerated ground, the BIA's determination that he failed to establish eligibility for asylum is supported by substantial evidence. *See Ochave v. INS,* 254 F.3d 859, 865–7 (9th Cir.2001). It follows that he failed to meet the more stringent standard

for withholding of deportation. *See id.* at 868.

■ As Giron–Linares relies on the same evidence, and points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to Guatemala, Giron–Linares' CAT claim must also fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**